IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

BERRY CARR,

                    Defendant.

REPORT AND
RECOMMENDATION

10-cr-68-wmc
_____

## REPORT

The grand jury has returned a three count indictment (dkt. 17) against defendant Berry Carr, charging him in Count 1 with a Hobbs Act violation (18 U.S.C. § 1951) arising out of his alleged armed robbery of a convenience store, in Count 2 with brandishing a firearm during the charged Hobbs Act robbery in violation of 18 U.S.C. § 924(c) and in Count 3 with unlawful possession on a later date of two specified firearms in violation of 18 U.S.C. § 922(g)(1)("felon with a gun"). Carr moved to dismiss Count 1 (dkt. 23), to dismiss Count 3 (dkt. 22) and to sever Count 3 (dkt. 26). On June 14, 2010, the parties filed a plea agreement that mooted the motions directed at Count 3 but which reserved to Carr the right to challenge any adverse ruling on his motion to dismiss Count 1. *See* dkt. 43 at ¶6. Therefore, the court need not rule on the motions docketed as 22 and 26. For the reasons stated below, I am recommending that the court deny Carr's motion to dismiss Count 1 (dkt. 23).

## FACTS

Although the superseding indictment speaks for itself, in light of Carr's claim that Count 1 violates F.R. Crim. Pro. 7(c)(1) by failing to present the essential facts constituting the offense charged, I am presenting Count 1 in its entirety for ease of reference:

> 1. On or about December 26, 2009, Stop N' Go did business at 2932 Fish Hatchery Road, Fitchburg, Wisconsin, where it engaged in interstate commerce and in the wholesale purchase, distribution and retail sale of beverages and food products originating outside the State of Wisconsin.

>2. On or about December 26, 2009, in the Western District of Wisconsin, the defendant, Berry Carr, unlawfully obstructed, delayed and affected commerce as that term is defined in Title 18 United State Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18 United States Code, Section 1951, in that the defendant unlawfully took and obtained personal property, namely cash, of Stop N' Go, in the presence of an employee, against her will by means of actual and threatened force, violence and fear of immediate injury to her person, that is, defendant Berry Carr brandished a handgun at the employee and demanded money from the employee.

Dkt. 17 at 1-2.

In response to Carr's motion, the government has proffered additional evidence that it intends to offer at trial. *See* Brief in Opposition, dkt. 42. According to the government, on December 26, 2009, a man entered the Stop N'Go store on Fish Hatchery Road in Fitchburg, brandished a handgun, demanded and received money from the store clerk. On December 26, 2009, this store was buying and reselling cigarettes that had previously traveled in interstate commerce.

## ANALYSIS

Carr has moved to dismiss Count 1 on the ground that there is an insufficient nexus between the alleged robbery and interstate commerce, asserting that out-of-state origin of currency is insufficient to establish the commerce element. Deft.'s Br. in Support, dkt. 39 at 1, citing *United State v. Peterson*, 236 F.3d 848, 857 (7th Cir. 2000).[1] According to Carr, taking cash from a business constitutes a *de minimis* effect on commerce, while Congress's ability to regulate this particular set of crimes requires a more substantial effect on commerce. *Id.* citing *United*

---

[1] This is a canard because contrary to Carr's implication, the government is not basing its commerce clause proof on a claim that the currency allegedly taken by Carr had crossed state lines, which would not suffice. The government claims that because Carr took the store's money, the store was less able to buy goods from other states, which *does* suffice. *See Peterson*, 236 F.3d at 854-55.

*States v. Lopez*, 514 U.S. 549, 558-59 (1995). Carr then invokes in passing F.R. Crim. Pro. 7(c)'s requirement that the indictment contain a written statement of the essential facts constituting the offense charged, implies that the government has not done this, but skips ahead to his argument that there is no federal nexus here under a deletion of assets theory because the government has not alleged that this Stop N' Go did not sell goods produced within Wisconsin. Carr closes with an appeal to the tenets of federalism, proclaiming that "an ordinary gas station robbery can be adequately addressed as a state prosecution and should not prompt the extraordinary expenditure of resources occasioned by federal prosecution." *Id.* at 3, citing *United States v. Morrison*, 529 U.S. 598 (2000).

The government responds that Count 1 adequately states the facts constituting the charge, and that any alleged failure of proof is a matter for trial. The government contends that it does not have to prove that a single armed robbery like the one charged here had more than a minimal effect on commerce; what it must prove is that the type of business affected by this robbery has a substantial connection with interstate commerce, such that interference with this type of business would, when aggregated, substantially burden commerce. *Id.* citing *United States v. Sutton*, 337 F.3d 792, 796, n.2 (7th Cir. 2003).

The government is correct. The court already has provided draft jury instructions to the parties in this case, *see* dkt. 34, Att.3. The draft instructions include the elements and definitions for Count 1, all taken directly from the circuit's pattern jury instruction book:

> To sustain the charge in Count 1 the government must prove these propositions:
>
> (1) The defendant knowingly obtained money from an employee of the Stop N' Go store specified in Count 1;

3

>(2) The defendant did so by means of robbery, as that term is defined in these instructions;
>
>(3) The defendant believed that the Stop N' Go employee parted with the money because of the robbery; and
>
>(4) This robbery affected interstate commerce.
>
> * * *
>
>In **Count 1**, the government must prove that the defendant's actions affected **INTERSTATE COMMERCE** in any way or degree. This means that the natural consequences of the defendant's actions were some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Wisconsin or actually engaged in business outside the state of Wisconsin, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce, or that there has been an actual effect on interstate commerce.
>
>Dkt. 34, Att. 3 at 8-9, 11-12.

Cross-referencing Count 1 of the indictment with these instructions demonstrates that the government has alleged facts sufficient to establish the required effect of the robbery on interstate commerce. As the government observes, whether it actually can prove this element beyond a reasonable doubt is a question that only a jury may answer at trial.

Carr's broad attack on the correctness of this circuit's law on this issue doesn't advance the analysis. In *United States v. Moore*, 363 F.3d 631 (7th Cir. 2004) *overruled on other grounds, Young v. United States*, 543 U.S. 1100 (2005), the court reaffirmed its longstanding view (shared by other circuits) that nothing in *Lopez* or *Morrison* requires the government to prove more than a *de minimis* effect on commerce in a Hobbs Act robbery prosecution as long as the victim entity belonged to a class of businesses that in the aggregate had a substantial effect on interstate

commerce. *Id.* at 636, collecting cases; *see also United States v. Griffin*, 493 F.3d 856, 861 (7th Cir. 2007) (same). In *United States v. Watson*, 525 F.3d 583, 590 n.3 (7th Cir. 2008), the court labeled the argument now used by Carr "a perennial loser."

To the extent that Carr wishes that the feds would leave armed robbery prosecutions in state court where he thinks they belong (a point he emphasizes in his reply brief, dkt. 44 at 2-3), that's not his call to make, nor is it this court's. *See In re United States*, 572 F.3d 301, 312 (7th Cir. 2009)("Judges do not possess, and should not attempt to exercise, prosecutorial discretion").

In short, Carr has provided no basis to dismiss Count 1 of the indictment. Therefore, I am recommending that the court deny his motion.

Finally In Carr's reply brief, filed after submission of the written plea agreement but before the plea hearing, Carr states that "Although the motion to dismiss Count 3 is likely moot, Mr. Carr does not wish to waive any argument at this point." Dkt. 44 at 3. According to the plea agreement (dkt. 43), the government does not object to Carr entering a conditional guilty plea to Count 1 (along with his unconditional guilty plea to Count 2) and it will dismiss Count 3 at Carr's sentencing hearing. Only if Carr backs out of his agreement and insists on a trial would Count 3 come back into play. This court's general policy is not to look for trouble, and the court is similarly uninterested in offering advisory recommendations. Therefore, I will wait until the conclusion of Carr's plea hearing on June 17, 2010 to determine if rulings are necessary on Carr's motions to dismiss or to sever Count 3.

RECOMMENDATION

Pursuant to 28 U.S.C.§ 636(b)(1)(B) and for the reasons stated above, I respectfully recommend that this court deny defendant Berry Carr's motion to dismiss Count 1 of the indictment.

Entered this 15th day of June, 2010.

         BY THE COURT:

         /s/

         STEPHEN L. CROCKER
         Magistrate Judge