IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

                                                            ORDER

v.                                                      10-cr-68-wmc

BERRY CARR,

        Defendant.

---

On June 16, 2010, defendant Berry Carr pled guilty to (1) unlawfully obstructing, delaying and affecting commerce by robbing a convenience store by means of actual and threatened force in violation of the Hobbs Act (18 U.S.C. § 1951), and (2) brandishing a handgun during the robbery.  Pursuant to Fed. R. Crim. P. 11(a), Carr's plea was conditioned on his reserving the right to pursue a motion to dismiss count one of the superseding indictment on the ground that there is insufficient nexus alleged between the robbery and interstate commerce.  In a report and recommendation entered on June 15, 2010, United States Magistrate Judge Stephen Crocker recommends this court deny Carr's motion, finding that the government alleged facts in the indictment sufficient to establish a *de minimis* effect on interstate commerce.  This court agrees.

OPINION

Carr objects to the Magistrate Judge's report and recommendation, contending that the robbery did not affect the ability of the store to buy goods in interstate commerce.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the court reviews the report and recommendation de novo.

In the superseding indictment, Carr is charged with robbing a Stop N' Go "engaged in interstate commerce and in the wholesale purchase, distribution and retail sale of beverages and food products originating outside the State of Wisconsin" and, as a result, "unlawfully obstruct[ing], delay[ing] and affect[ing] commerce as the term is defined in Title 18 United States Code, Section 1951." Dkt. #17, 1-2.

Carr argues that his robbery of fifty dollars could not have affected the store's ability to buy goods out-of state. The government argues that even this small amount meets the *de minimis* standard under the "depletion of assets" theory. The theory being that a business is either actively engaged in interstate commerce or customarily purchases items in interstate commerce. Because a store's assets are depleted in a robbery its potential as a purchaser of such goods has been curtailed, even if only minimally. *United States v. Peterson,* 236 F. 3d 848, 854 (7th Cir. 2001).

As the Magistrate Judge found, this circuit's law requires only that a Hobbs violation charge allege a *de minimis* effect on commerce, provided the victimized entity belongs to a class of businesses that in the aggregate had a substantial effect on commerce. This is sufficient even if the specific events prosecuted do not, by themselves, have a substantial effect on interstate commerce. *See United States v. Griffin,* 493 F. 3d 856, 861 (7th Cir. 2007)*; United States v. Moore*, 363 F. 3d 631 (7th Cir. 2004), *overruled on other grounds, Young v. United States*, 543 U.S. 1100 (2005); *United States v. Sutton* 337 F. 2d 792, 796, n.2 (7th Cir. 2003).

2

Because the Stop N' Go belongs to a class of businesses –convenience stores selling gas, cigarettes and a variety of food and sundry items -- that in the aggregate have a substantial effect on commerce, Carr's alleged robbery of a small amount of money from an individual Stop N' Go is sufficient to meet the required nexus with interstate commerce according to the law in this circuit.  *See United States v. Watson*, 525 F.3d, 590 n.3 (7th Cir. 2008) (labeling the argument advanced here as "a perennial loser").

Accordingly, the Court adopts the Magistrate Judge's report and recommendation and denies Carr's motion to dismiss.

ORDER

IT IS ORDERED that:

> 1. The Magistrate Judge's report and recommendation is ADOPTED.
>
> 2. Defendant Berry Carr's motion to dismiss count one of the indictment is DENIED.

Entered this 9th day of August, 2010.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

3